IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TRUSTEES OF THE NATIONAL ELECTRIC BENEFIT FUND, *et al.*, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:19-cv-01360-PX |
| INTEGRITY GENERAL ENGINEERING CONTRACTORS, INC, | * | |
| | * | |
| Defendant. | * | |
| | *** | |

## MEMORANDUM OPINION

Pending before the Court is Plaintiffs Trustees of the National Electrical Benefit Fund ("NEBF") and Trustees of the National Electric Annuity Plan's ("NEAP's") Motion for Default Judgment. ECF No. 7. Defendant Integrity General Engineering Contractors, Inc, ("Integrity") has not filed a response or entered its appearance, and the time for doing so has passed. *See* Loc. R. 105.2.a. For the following reasons, NEBF and NEAP's request for this Court to enter default judgment is granted. NEBF is awarded judgment in the amount of $4,831.44 and NEAP is awarded judgment in the amount of $7,159.16.

### I.    Background

The following facts are taken from the Complaint and accepted as true. Plaintiffs are fiduciaries for NEBF and NEAP. ECF No. 1 ¶ 2. NEBF is a multiemployer pension plan and NEAP is a multiemployer benefit plan as these terms are defined in section 3(2) of the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* 29 U.S.C. § 1002(2); ECF No. 1 ¶¶ 4–5. NEBF is a "defined benefit plan" and NEAP is a "defined contribution plan." ECF No. 1 ¶¶ 4–5; *see* 29 U.S.C. § 1002(34), (35).

Integrity, an employer engaged in an industry affecting commerce under ERISA, 29 U.S.C. § 1002(5), has entered into a collective bargain agreement ("CBA") that requires it to submit contributions to NEBF and NEAP on behalf of those employees who are covered by the CBA. ECF No. 1 ¶¶ 7, 8, 12. Specifically, Integrity is bound by the terms and conditions of the Restated Employees Benefit Agreement and Trust for the NEBF (the "NEBF Trust Agreement") and the Agreement and Trust for the National Electrical Annuity Plan (the "NEAP Trust Agreement"). *Id.* ¶¶ 12, 18. Yet, according to two 2018 audits, Integrity has failed to make all required contributions to the NEBF and NEAP and is delinquent in the amounts of $2,655.20 and $4,236.70, respectively. ECF No. 1 ¶¶ 13–14, 19–20.

On May 8, 2019, NEBF and NEAP filed this action against Integrity, seeking to recover contributions and liquidated damages due and unpaid under the terms of the CBA and Trust Agreements, plus accrued interest, costs, and attorneys' fees. ECF No. 1. Plaintiffs properly served Integrity on Mary 14, 2019. ECF No. 6-1. Integrity failed to answer or otherwise respond to the Complaint or contest Plaintiffs' claims. Plaintiffs thereafter moved simultaneously for entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and for default judgment, ECF Nos. 6–7, and the Clerk entered default five days later, ECF No. 8.

    **II.**    **Standard of Review**

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Thereafter, the court may enter default judgment at the plaintiff's request and with notice to the defaulting party. Fed. R. Civ. P. 55(b)(2). A plaintiff, however, is not automatically

entitled to default judgment simply because the defendant has not responded. Whether to enter default judgment is left to the sound discretion of the court. *See, e.g.*, *Choice Hotels Int'l, Inc. v. Jai Shree Navdurga, LLC*, No. DKC 11-2893, 2012 WL 5995248, at *1 (D. Md. Nov. 29, 2012); *see also Choice Hotels Int'l, Inc. v. Austin Area Hospitality, Inc.*, No. TDC–15–0516, 2015 WL 6123523, at *1 (D. Md. Oct. 14, 2015).

Although the United States Court of Appeals for the Fourth Circuit has announced a "strong policy" in favor of deciding cases on their merits, *United States v. Schaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment may be appropriate when a party is unresponsive, *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)); *see Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987) (upholding a default judgment award where the defendant lost its summons and did not respond within the proper period); *Disney Enterprises, Inc. v. Delane*, 446 F. Supp. 2d 402, 405–06 (D. Md. 2006) (finding appropriate the entry of default judgment where the defendant had been properly served with the complaint and did not respond, despite repeated attempts to contact him).

With respect to liability, the Court takes as true all well-pleaded facts in the complaint. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). The court applies the pleading standards announced in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) in the context of default judgments. *See, e.g.*, *Balt. Line Handling Co. v. Brophy,* 771 F. Supp. 2d 531, 544 (D. Md. 2011); *Russell v. Railey*, No. DKC-08-2468, 2012 WL 1190972, at *2–3 (D. Md. Apr. 9, 2012); *United States v. Nazarian*, No.

DKC 10-2962, 2011 WL 5149832, at *2–3 (D. Md. Oct. 27, 2011); *Bogopa Serv. Corp. v. Shulga,* No. 3:08cv365, 2009 WL 1628881, at *1–2 (W.D.N.C. June 10, 2009). A complaint that avers bare legal conclusions or "naked assertion[s] devoid of further factual enhancement," is insufficient to award default judgment. *See, e.g.*, *Balt. Line Handling Co.,* 771 F. Supp. 2d at 544 (internal quotation marks omitted) ("The record lacks any specific allegations of fact that 'show' why those conclusions are warranted.").

If the complaint avers sufficient facts from which the court may find liability, the court next turns to damages. *See Ryan,* 253 F.3d at 780–81. Damages are circumscribed by that which is requested in the complaint. *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). The damages request must be supported by evidence introduced either at a hearing or by affidavit or other record evidence. *See id.*; *Lawbaugh,* 359 F. Supp. 2d at 422; *see, e.g.*, *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794–95 (D. Md. 2010).

### III. Analysis

#### A. Liability

ERISA requires that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145; *see also* 29 U.S.C. § 1132(g) (providing that employers who fail to timely make contributions are liable in a civil action for, *inter alia*, unpaid contributions, interest on the unpaid contributions, liquidated damages, reasonable attorneys' fees, and costs of the action). ERISA "provide[s] trustees of multiemployer benefit plans with an effective federal remedy to collect delinquent

contributions." *Int'l Painters & Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co.*, 919 F. Supp. 2d 680, 685–86 (D. Md. 2013) (quoting *Laborers Health & Welfare Tr. Fund for N. Cal. v. Advanced Lightweight Concrete Co.*, 484 U.S. 539, 541 (1988)). The United States Court of Appeals for the Fourth Circuit has held that "a multiemployer plan can enforce, as written, the contribution requirements found in the controlling documents." *Bakery & Confectionery Union & Indus. Int'l Pension Fund v. Ralph's Grocery Co.*, 118 F.3d 1018, 1021 (4th Cir. 1997).

Taking the well-pleaded facts in the Complaint as true, Plaintiffs have established that Integrity was required to make employer contributions to the NEBF and the NEAP. Plaintiffs also established that Integrity failed to make such contributions in violation of 29 U.S.C. § 1145. ECF No. 1. Defendant is thus liable for the payment of amounts owed to each fund. Default judgment in the amount of unpaid contributions is appropriate.

### B. Damages

As to damages, Plaintiffs by statute may collect (1) delinquent contributions, (2) liquidated damages assessed on the late contributions, (3) interest at the rate provided in 29 U.S.C. § 1132(g), (4) attorneys' fees and costs, and (5) other legal or equitable relief the Court deems appropriate. *See* 29 U.S.C. § 1132(g).

In support of their damages request, Plaintiffs submit the relevant CBA and Trust Agreements, ECF Nos. 7-2 at 8–63; an affidavit of Brian Killian, the Manager of the Audit and Delinquency Departments of both NEAP and NEBF, ECF No. 7-2 at 1–4; and separate audits of the award amount, ECF Nos. 7-2 at 65–81. As for attorneys' fees and costs, Plaintiffs submit the affidavit of Jennifer Bush Hawkins, the attorney assigned to this case. ECF No. 7-1. Because this evidence is sufficient for the Court to ascertain allowable damages and the requested

amounts are consistent with the damages sought in the Complaint, the Court will award damages without a hearing and rely on the affidavits and other evidence in the record to determine the appropriate amount. *See, e.g.*, *Monge*, 751 F. Supp. 2d at 794–96.

### 1. Unpaid Contributions

Pursuant to the audits conducted in 2018, Integrity owes NEBF $2,655.20 in unpaid contributions for the months of January 2017 through July 2019 and owes NEAP $4,236.70 for the months of February 2017 to July 2019. ECF No. 7-2 at 3, 83–84, 86–87. Based on this evidence, the Court awards these amounts in unpaid contributions.

### 2. Liquidated Damages

Both the NEBF and the NEAP Trust Agreements provide that an employer's failure to pay timely contributions under the CBA triggers payment of liquidated damages in an amount equal to twenty percent (20%) of the delinquency. ECF No. 1 ¶¶ 27, 28; ECF No. 7-2 at 55, 62. The Court has reviewed the delinquent payment amounts and the penalties assessed as liquidated damages. *See* ECF No. 1 at 6–7; ECF No. 7-2 at 67, 73. Based on this evidence, the Court awards $531.04 in liquidated damages to NEBF and $847.34 in liquidated damages to NEAP.

### 3. Interest

Plaintiffs are also entitled to interest on unpaid contributions. Interest is "determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26." 29 U.S.C. § 1132(g). Pursuant to 29 U.S.C. § 1132(g)(2)(B) and the Trust Agreements, an annual interest rate of 10% on Integrity's unpaid contributions is awarded in the amounts of $473.40 to NEBF and $828.32 to NEAP, plus accruing interest through the date of payment. *See* ECF No. 7-2 at 84, 87; 29 U.S.C. § 1132(g)(2)(B); *see also* ECF No. 7-2 at 28, 30 (stating that "the whole amount due shall bear interest at the rate often percent (10%) per annum until paid.").

Additionally, Plaintiffs are entitled to post-judgment interest. *See* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court."); *see also I.A.M. Nat'l Pension Fund, Plan A, A Benefits v. Slyman Indus.*, 704 F. Supp. 301, 302–03 (D.D.C.), *aff'd*, 901 F.2d 127, 129 (D.C. Cir. 1990). Post-judgment interest is "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment." 28 U.S.C. § 1961(a). Thus, post-judgment interest shall continue to accrue until the judgment is satisfied.[1]

### 4. Audit Costs

Plaintiffs are also entitled to receive any legal or equitable relief that the Court deems appropriate, including audit costs. Plaintiffs have requested $375 for the NEBF audit and $450 for the NEAP audit. ECF No. 1 at 6–7; ECF No. 7-2 at 3. This Court finds that this relief is appropriate as the CBA and Trust Agreement require Integrity to pay the costs of an audit when that audit reveals a delinquency, ECF No. 7-2 at 55, 62–63, and because the audit was necessary to enable Plaintiffs to determine the precise amounts Integrity owed. As a result, this Court finds that the audit costs are reasonable and awards $375.00 for the NEBF audit and $450.00 for the NEAP audit for a total of $825.00. *See Int'l Painters & Allied Trades Indus. Pension Fund v. Rose City Glass Co., Inc.*, 729 F. Supp. 2d 336, 341 (D.D.C.2010) (awarding audit costs to the plaintiff pursuant to the parties' agreement); *Int'l Painters & Allied Trades Indus. Pension Fund*

---

[1] Although the damages sought are greater than the amounts pleaded in the Complaint, the award is nonetheless appropriate. This is because default judgment may include "interest on the unpaid contributions calculated from the date due until the date paid at the rate of 10% per annum." ECF No. 1 at 6–7. The Court finds that the additional amounts are permissible. *See Trs. of Nat'l Automatic Sprinkler Indus. Welfare Fund v. Harvey*, No. GJH-17-0449, 2017 WL 4898264, at *5 (D. Md. Oct. 27, 2017); *see also Trs. of Nat'l Automatic Sprinkler Indust. Welfare Fund v. First Responder Fire Prot. Corp.*, No. GJH-16-4000, 2017 WL 3475678, at *2 (D. Md. Aug. 11, 2017) ("Defendant is fairly regarded to be on notice of the subsequent increase due to the continuing obligations to make contributions to the Funds under the applicable collective bargaining agreements.").

*v. H.C. Ackerman & Son, Inc.,* JKB–11–2117, 2012 WL 251963, at *4 (D. Md. Jan. 24, 2012) (quoting *Flynn v. Mastro Masonry Contractors,* 327 F. Supp. 2d 66, 70 (D.D.C.2002) ("ERISA authorizes the court to provide for other legal or equitable relief as the court deems appropriate. This relief can include an injunction requiring a defendant to permit, and cooperate with, an audit of its books and records.")).

### 5. Attorneys' Fees and Costs

Finally, NEBF and NEAP are entitled to attorneys' fees and costs under the Trust Agreements. ECF No. 7-2 at 28, 30 ("The Employer shall also be liable for all costs of collecting the payment together with attorneys' fees."). The Court considers the reasonableness of attorneys' fees under Appendix B to the Local Rules and the following factors: the professional time and labor invested, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; the likelihood, if apparent to the client, that the lawyer's acceptance of the particular engagement will preclude other employment; the fee customarily charged in the locality for similar legal services; the amount in controversy and the results obtained; the time limitations imposed by the client or by the circumstances; the nature and length of the professional relationship with the client; the experience, reputation, and ability of the lawyer or lawyers performing the services; and whether the fee is fixed or contingent. *See Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009); Loc. R., App. B.

Both NEBF and NEAP are represented by Jennifer Bush Hawkins of the law firm of Potts-Dupre, Hawkins & Kramer, Chartered, who has been a licensed attorney since 1994 and a member of the firm since 2002. *See* ECF No. 7-1 ¶¶ 1, 3. Hawkins charged $379.00 per hour, and her legal assistant, Caroline Lippie, charged a rate of $139.00 per hour. *Id.* ¶¶ 5–6. These

rates fall within the presumptively reasonable ranges established by this Court's Local Rules. *Id.* ¶ 5; Loc. R. 1(c), Appx. B (providing a range of $300 to $475 per hour for attorneys admitted to the bar for 20 or more years, and a range of $95 to $150 per hour for paralegals and law clerks). Hawkins attests that she spent 0.9 hours and Lippie spent 1.3 hours on the NEBF matter, and that each spent an identical amount of time on the NEAP matter. *See* ECF No. 7-1 ¶¶ 5–9. Both appear reasonable given the nature and scope of this case. The lodestar calculation (reasonable hourly rate multiplied by hours of work performed) thus supports the requested award of $521.80 in attorneys' fees for each fund. The record also supports Plaintiffs' request for 275.00 per each fund in legal fees and miscellaneous costs. *See* ECF No. 7-1 ¶¶ 11, 12; *id.* at 10. Therefore, the Court grants Plaintiffs' request for $521.80 in attorneys' fees and $275.00 in costs as to each fund.

## IV. Conclusion

Based on the foregoing, the Plaintiffs' motion for default judgment is granted. A separate Order follows.

  1/7/2019  
Date

  /s/  
Paula Xinis  
United States District Judge